The People of the State of New York, Appellants, *v.*
    Cornelius M. Horton et al., Respondents.

Where a respondent seeks to restrict the general right to appeal to this
    court by applying the limitation prescribed by the amendment of 1874
    to section 11 of the Code (chap. 322, Laws of 1874), it is for him to
    show that the subject-matter of the controversy does not exceed $500.
This action was brought to restrain the carrying on of a business; no
    sum of money was demanded in the complaint, nor was the value of
    the business stated in the pleadings; judgment was given for the
    defendant. The testimony showed the yearly value of the business to be
    more than $500. · *Held*, that plaintiffs were entitled to appeal to this
    court.

(Argued January 18, 1876; decided January 25, 1876.)

This was a motion to dismiss an appeal from a judgment
of the General Term of the Supreme Court in the fourth
judicial department, affirming a judgment in favor of defend-
ants. (Reported below, 5 Hun, 516.)

The action was brought to restrain defendants from using
a floating elevator for the purpose of transferring cargoes of
grain from one vessel to another in the waters of Buffalo
harbor. No sum of money was demanded in the complaint,
and no amount was stated in the pleadings as the value of
the business carried on by the defendants and sought to be
restrained. There were allegations in the pleadings that the
business was extensive, and from which it could be inferred
that the yearly value thereof was more than $500, and the testi-
mony on the trial showed this to be the fact. Further facts
appear in the opinion.

*G. A. Scroggs* for the appellants.

*M. A. Whitney* for the respondents.

Folger, J. The act of 1874 (Laws of 1874, chap. 322)
denies an appeal to this court in certain cases. It starts with
the general declaration, that no appeal shall be taken from

any judgment or order granting or refusing a new trial, where the amount of the judgment, or the amount of the subject-matter in controversy in the action or proceeding, does not exceed $500, exclusive of costs. This general provision, applied to the case in hand, will not bar the appellants of an appeal to this court. Though no sum in money is demanded in the complaint, and no amount is stated in the pleadings, as the value of the business carried on by the respondents, which it is the object of the action to restrain; still it appears in the case approximately what that value is. It is inferable, from the allegations of the pleadings, that the business of the defendants sought to be enjoined and forbidden, is in yearly value more than $500. It is shown in the testimony that the defendants, during the season in which the trial took place, transferred with their elevator over 2,000,000 bushels of grain. It appears that it was worth to do this one-half cent per bushel, which would give over $10,000 as the result in gross to the defendants of that season's business. Whether or no they shall be restrained from longer carrying on this business is the question at issue in the action, and is the subject-matter of the controversy. That subject-matter is therefore in amount more than $500.

It is insisted, however, by the respondents, that as this is not an action on contract, it is to be governed by one of the particular provisions of the act, to wit: That the amount claimed in the complaint shall be deemed the amount of the subject-matter of the controversy. On referring to the complaint, no amount is there claimed; that is, there is no amount specified in dollars. Then say the respondents, the subject-matter in controversy is of no amount, and there is no privilege of appeal. But is it not as reasonable to say, if no amount is claimed in the complaint, how are we to know from it that the subject-matter is not $500 in amount? The case falls within the general provisions of law giving a right of appeal to this court. It is sought to restrict that general right, by applying to the case the special prohibitory provisions of the act of 1874. In this the respondents have the *onus*. It is

for them to bring the case within that act, to show that the subject-matter of the controversy does not amount to $500. There is no judgment for the plaintiffs by which that amount appears ; the judgment is for the defendant. They then seek to apply the particular provision of the act above mentioned, but on reference to the complaint there is no amount claimed. Do they not fail then, to show that the value of the subject-matter controverted, falls below the *maximum* of the statute, unless they can show it by the general allegations of the complaint of the subject-matter of the action, or by the testimony ? The latter, as already appears, shows a value greater than $500. From the former we should feel bound to infer a like result. The defendants are not brought within the act. It follows that the plaintiffs are not barred from their right of appeal.

The motion is denied, but as the question is now for the first time presented, without costs to either party against the other.

All concur.

Motion denied.